MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EWU MEDIA LLC, a Nevada limited liability company, ROBERT FORNEY, an individual, EMMA FORNEY, an individual<br><br>Plaintiff,<br>vs.<br><br>PERSHING COUNTY ex rel. PERSHING COUNTY SHERIFF'S OFFICE; WASHOE COUNTY ex REL WASHOE COUNTY SHERIFF'S OFFICE; UNITED STATES OF AMERICA ex rel. DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT; BILL GROFFY, in his official capacity; ERIC A. KRILEY, in his official capacity; JON RABY, in his official capacity; BURNING MAN PROJECT, a Nevada non-profit corporation; BLACK ROCK CITY LLC, a Nevada limited-liability corporation; JACKSON CREWS, an individual; KATHRIN ROGERS, an individual;<br><br>Defendants. | Case. No.:<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiffs EWU Media LLC, Robert Forney, and Emma Forney, by and through their counsel of record, hereby file this Complaint for damages pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights), 28 U.S.C. § 2201 (declaratory judgments), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367(a) (supplemental jurisdiction), and 28 U.S.C. § 2201 (creation of remedy).

1

## NATURE OF THE ACTION

Plaintiff EWU Media LLC ("EWU Media") produces investigative journalism videos which are published on its social media pages. In addition to reporting on incidents by compiling information gleaned from public records, EWU Media's managing member—Plaintiff Robert Forney—and employee Plaintiff Emma Forney personally investigate matters that pertain to Northern Nevada, where they reside.

One such long-standing investigation pertains to Burning Man, an annual festival run by Burning Man Project and Black Rock City LLC on public federal lands in the Black Rock Desert in Northern Nevada, which in turn are managed and administered by the United States Department of the Interior Bureau of Land Management. In addition to covering the Burning Man Festival itself—including allegations that crimes such as sexual assault are routinely covered up during the festival— EWU Media investigates Burning Man's efforts to clean up after the festival's conclusion. Indeed, EWU Media has criticized Burning Man Project's use of public lands and inadequate efforts to ameliorate the negative effects the Burning Man Festival has on the environment.

On September 28, 2024, Plaintiffs Robert and Emma Forney drove to the Black Rock Desert to film ongoing cleanup efforts at the Burning Man festival site. There, several individuals affiliated with Burning Man aggressively accosted them and threatened them, blocking in their vehicle, preventing Emma from exiting the vehicle and preventing them from filming.

After Robert and Emma began driving away, they were pulled over by Defendant Deputy Jackson Crews of the Washoe County Sheriff's Office. Deputy Crews told Robert and Emma Forney that Burning Man's permit for use of the Black Rock Desert was not expired, and that they therefore had to cease filming and leave. Subsequently, Robert, Emma and Deputy Crews were joined by Deputy Kathrin Rogers of the Pershing County Sheriff's Office. Deputy Rogers issued a warning citation (SE07055) for Unlawful Trespass.

Unbeknownst to Robert and Emma at the time, this trespass was done not because of any unlawful conduct they were engaged in. Rather, upon information and belief, the

trespass was ordered by BLM Ranger Garrett Sarcinella on behalf of Burning Man Project and/or Black Rock City LLC.

Merely because Black Rock City LLC and the Burning Man Project had a (non-exclusive) permit to use public lands to run the Burning Man festival does not give them the unlimited right to trespass individuals such as Robert and Emma Forney who are exercising their First Amendment right to film on public lands. Nor do the government and its agents—either the federal BLM or the local sheriff's offices—have the right to act as private security to deny individuals access to public land. This is particularly true here, where the festival had already concluded and there were no lawful reasons to order them trespassed from public lands.

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 *et seq.* for civil rights claims arising under the Constitution and laws of the United States. Pursuant to § 1331, this Court has original subject matter jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1983.

2. This Court has jurisdiction over claims arising under the laws of the State of Nevada pursuant to the supplemental jurisdiction provided by 28 U.S.C. § 1367(a).

3. The prayer for relief is predicated on 28 U.S.C. § 2201 and Fed. R. Civ. P. 38. This Court has jurisdiction to award Plaintiff damages pursuant to 42 U.S.C. § 1983 and Nev. Rev. Stat. § 41.130. Authorization for the request of attorney's fees and costs is conferred by 42 U.S.C. § 1988(b).

4. The Defendants acted, purported to act, and/or pretended to act in the performance of their official duties, and thus Defendants acted under color of law and are subject to liability as state actors pursuant to 42 U.S.C. § 1983.

5. Because Defendants are not arms of the State, this suit is not barred by the Eleventh Amendment to the United States Constitution. *See Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1147 (9th Cir. 2002); *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999).

6. The acts or omissions giving rise to Plaintiff's claims all occurred in Pershing County, Nevada, Washoe County, Nevada, Humboldt County, Nevada, and/or federal land located in Nevada. Thus, pursuant to 28 U.S.C. § 1391(b)(2) and (c), venue is proper in the United States District Court for the District of Nevada.

**PARTIES**

7. During all relevant times herein, Plaintiff EWU Media LLC was a limited liability company registered in the State of Nevada.

8. During all relevant times herein, Plaintiff Robert Forney, an individual, was a citizen of the state of Nevada.

9. During all relevant times herein, Plaintiff Emma Forney, an individual, was a citizen of the state of Nevada.

10. Defendant Pershing County is a political subdivision of the state of Nevada.

11. At all times, Defendant Pershing County possessed the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual members of the Pershing County Sheriff's Office ("PCSO").

12. Defendant Washoe County is a political subdivision of the state of Nevada.

13. At all times, Defendant Washoe County possessed the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual members of the Washoe County Sheriff's Office ("WCSO").

14. At all times, Defendant United States of America possesses the power and authority to adopt policies and prescribe rules, regulations, policies, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual members of the Department of the Interior and Bureau of Land Management ("BLM").

15. Upon information and belief, Defendant Bill Groffy is currently the Principal Deputy Director of the BLM and serves as the Acting Director of BLM. Mr. Groffy

4

1  is sued in his official capacity.

2      16. Upon information and belief, Defendant Eric. A. Kriley is Director of the BLM's Office of Law Enforcement and Security. Mr. Kriley is sued in his official capacity.

    17. Upon information and belief, Defendant Jon Raby is the BLM Nevada State Director. Mr. Raby is sued in his official capacity.

    18. Defendant Burning Man Project was at all relevant times a Nevada non-profit corporation.

    19. Defendant Black Rock City LLC was at all relevant times a Nevada limited-liability company.

    20. Upon information and belief, Burning Man Project is the managing member of Black Rock City LLC.

    21. Defendants Burning Man Project and Black Rock City LLC are collectively referred to as the "Burning Man Corporate Defendants."

    22. Upon information and belief, Defendant Jackson Crews was at all relevant times an employee of the Washoe County Sheriff's Office acting under the color of state law.

    23. Upon information and belief, Defendant Kathrin Rogers was at all relevant times an employee of the Pershing County Sheriff's Office acting under the color of state law.

    24. Upon information and belief, Defendants Washoe County, Pershing County, and the United States have a policy and practice of allowing their officers to violate the law with impunity and have created or failed to address a culture at that their officers are above the law.

    25. Upon information and belief, Defendants Washoe County, Pershing County, and the United States have failed to adequately train their officers to refrain from engaging in police misconduct, abusing their position of power, and improperly citing individuals engaged in constitutionally protected First Amendment activities such as filming.

    26. Upon information and belief, Defendants Washoe County, Pershing County, and the United States have a policy and practice of deferring to the demands of

5

permit holders regarding trespassing individuals without taking into account those individuals' relevant rights to free speech and assembly under the First Amendment.

27. The naming of defendants herein is based upon information and belief. Plaintiffs reserve their right to name additional defendants and modify their allegations concerning defendants named herein.

## STANDING

28. Plaintiffs are and continue to be directly affected by Defendants' practices and policies of violating the constitutional rights of individuals based upon their exercise of constitutional rights, as set forth more fully herein, and/or other abuses by Defendants acting under color of law.

29. An actual case and controversy exists between Plaintiffs and Defendants concerning their respective rights, privileges, and obligations.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

30. Upon information and belief, the 2024 Burning Man festival took place between August 25 and September 2, 2024.

31. Upon information and belief, employees and/or affiliates of Burning Man Project and/or Black Rock City LLC remained on the site to perform cleanup duties after September 2, 2024.

32. Upon information and belief, employees and/or affiliates of Burning Man Project and/or Black Rock City LLC have knowledge of Plaintiffs and their viewpoint—*i.e.*, that they are critical of Burning Man.

***BLM's Permit Issued to Burning Man Project***.

33. On or about July 24, 2024, Defendant BLM issued a permit to Defendant Burning Man Project closing a specified area of the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area for the 2024 Burning Man Event.

34. Upon information and belief, the permit was valid between July 25, 2024, and October 1, 2024.

35. Upon information and belief, the closure of the area was originally set to

1  expire before September 28, 2024. However, unbeknownst to Robert and Emma at the time, the closure had been orally and retroactively updated on or after September 28, 2024, to extend to October 1, 2024.

36. Upon information and belief, the permit does not create an exclusive right to use the area by Burning Man Project.

37. Upon information and belief, the permit prohibits the Burning Man Project from interfering with other valid uses of the Federal land by other users.

38. Upon information and belief, the permit mandates that Burning Man Project restore the lands as nearly as possible to pre-existing conditions upon completing the permitted activities.

***Plaintiffs Attempt to Film and Are Ejected.***

39. On or about September 27, 2024, an employee of EWU Media inquired with a BLM employee named Glenda whether Plaintiffs had permission to enter the portion of the Black Rock Desert where Burning Man cleanup was taking place.

40. BLM Employee Glenda responded that the closure had ended.

41. Had BLM Employee Glenda not responded that the closure had ended, Plaintiffs would not have entered the area.

42. On September 28, 2024, Plaintiffs Robert Forney and Emma Forney drove to the Black Rock Desert to observe the Burning Man cleanup efforts.

43. Plaintiffs Robert Forney and Emma Forney began filming the landscape and various people engaged in the post Burning Man cleanup.

44. At all points in their excursion, Robert and Emma remained a substantial distance away from what appeared to be active cleanup sites.

45. At all points in their excursion, Robert and Emma were driving at a reasonable rate of speed through the Black Rock Desert, and did not drive near any active cleanup sites.

46. Shortly after arriving, a man in a multicolored pickup truck approached Robert and Emma's vehicle, and both vehicles stopped. Upon information and belief, this

7

1  man was employed by or volunteering for Black Rock City Inc. or Burning Man Project.

2      47.    The man rolled down his driver's side window and Robert and Emma rolled down their passenger side window. The man told Robert and Emma that the permit was still in effect and motioned for them to leave.

    48.    The man also told Bob and Emma that he would "get the rangers" on them

    49.    Subsequently, two gray Black Rock Rangers pickup trucks flagged down and boxed in Robert and Emma's vehicle. Upon information and belief, the two men driving these trucks were employed by or affiliated with Black Rock City Inc. and/or Burning Man Project.

    50.    Robert exited the vehicle to speak to one of the truck's drivers, who claimed that Robert and Emma were in a construction zone.

    51.    At multiple points, men in gray Black Rock Ranger pickup trucks followed closely to Robert and Emma's vehicle, which they perceived as a threat and/or intimidation tactic.

    52.    Eventually, a man in a red pickup truck approached Robert and Emma's vehicle, and both vehicles stopped. Upon information and belief, this man was employed by or volunteering for Black Rock City Inc. or Burning Man Project.

    53.    Both vehicles rolled down their driver's side windows, and the man in the red pickup truck stated that Robert and Emma had to leave, threatening that there would be serious problems if they did not. A verbal altercation ensued, in which Robert and Emma stated their belief that the permit had expired and that they had a right to be there.

    54.    Out of fear for their safety, Robert and Emma advised Carrie Grandfield, Robert's wife and Emma's mother, to call the Pershing County Sheriff's Office.

    55.    Upon information and belief, the Pershing County Sheriff's Office dispatched Washoe County Sheriff's Deputy Jackson Crews to the scene.

    56.    After approaching their parked car with his vehicle's lights flashing (as if performing a traffic stop), Deputy Crews spoke with Robert and Emma.

    57.    Robert and Emma explained that they believed the man in the red pickup

truck had threatened them, to which Deputy Crews responded that it was not a threat.

58. Deputy Crews then spoke with two individual men who, upon information and belief, are employed by or are affiliated with Black Rock City Inc. and/or Burning Man Project.

59. Eventually, Deputy Kathrin Rogers of the Pershing County Sheriff's Office arrived on scene.

60. Deputy Rogers told Robert and Emma that, based on orders from her sergeant and from the federal BLM, that she would issue them a trespass warning.

61. Upon information and belief, Deputy Rogers was requested to trespass Plaintiffs by BLM Ranger Garret Sarcinella.

62. Upon information and belief, agents of Burning Man Project and/or Black Rock City LLC communicated with BLM agents requesting to have Plaintiffs trespassed, resulting in BLM Ranger Garret Sarcinella requesting that Deputy Rogers trespass Plaintiffs.

63. Deputy Rogers reiterated that she was "just following orders" from the "higher ups."

64. Deputy Rogers also noted that, even though the BLM website stated the closure ended on September 28, 2024, it was verbally extended due to rain.

65. Deputy Rogers subsequently issued warning citation SE07055 for Unlawful Trespass to Robert Forney and noted that he and Emma would be arrested if they returned.

66. Plaintiffs subsequently drove away from the Black Rock Playa.

67. Plaintiffs were chilled from expressing their First Amendment rights as their leaving under threat of being trespassed prevented them from filming on public BLM lands.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO FREE SPEECH AND EXPRESSION)
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

68. Plaintiffs repeat and reallege Paragraphs 1 through 67 as though fully set

forth herein.

69. The First Amendment, applicable to the states of Nevada via the Fourteenth Amendment, prohibits laws that abridge the freedom of speech.

70. By filming in the Black Rock Desert, Plaintiffs were engaged in protected speech, specifically by recording matters of public interest involving the Burning Man festival and its impact on the environment. *See Project Veritas v. Schmidt*, 125 F.4th 929, 945 (9th Cir. 2025); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995).

71. The Black Rock Desert is a limited public forum, and therefore any restrictions on speech must be narrowly tailored to serve a compelling government interest and leave ample alternative means of communications.

72. Defendants falsely and repeatedly asserted that Plaintiffs were not permitted to film in the area in which they attempted to film.

73. Due to Defendants' assertions and Defendant Rogers' citation, Plaintiffs were forced to cease filming in the Black Rock Desert in violation of their First Amendment rights.

74. Defendants Rogers and Crews acted under color of state law, and their actions violated Plaintiffs' rights to freedom of speech and free expression as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

75. Defendant Pershing County is liable because, upon information and belief, Defendant Rogers was acting pursuant to Pershing County's custom, policy, or practice.

76. Upon information and belief, Defendant Pershing County failed to adequately train Defendant Rogers.

77. Defendant Washoe County is liable because, upon information and belief, Defendant Crews was acting pursuant to Washoe County's custom, policy, or practice.

78. Upon information and belief, Defendant Washoe County failed to adequately train Defendant Crews regarding civilians' First Amendment rights.

79. Defendants Burning Man Project and Black Rock City, LLC are liable as joint actors because, upon information and belief, they worked in concert with state actors

by directing BLM Agent Garret Sarcinella to trespass Plaintiffs and he, in turn, directed Deputy Rogers to trespass Plaintiffs, which she subsequently did.

80. Defendants Burning Man Project and Black Rock City, LLC are liable as joint actors because, upon information and belief, they worked in concert with state actors by directing the Pershing County and/or Washoe County Sheriffs' Offices to trespass Plaintiffs.

81. As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiffs suffered, are suffering, and will continue to suffer damages in an amount subject to proof.

82. Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

83. Plaintiffs are also entitled to injunctive relief to restrain Defendants from violating their First Amendment rights.

84. It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter, and Plaintiffs are entitled to attorney's fees, costs, and prejudgment interest.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO FREE SPEECH AND EXPRESSION – RETALIATION)
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

85. Plaintiffs repeat and reallege Paragraphs 1 through 84 as though fully set forth herein.

86. To prevail on a claim for retaliation over protested First Amendment activity, "a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Doe v. Cty. Of San Mateo*, No. C 07-05596 SI, 2009 U.S. Dist. LEXIS 26084, at

*13 (N.D. Cal. March 19, 2009) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1251 (11th Cir. 2005)).

87. The First Amendment protects not only spoken or written words but also non-verbal conduct that is "sufficiently imbued with elements of communication" to convey a message. *Texas v. Johnson*, 491 U.S. 397 (1989). "[A] narrow, succinctly articulable message is not a condition of constitutional protection," *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 569, 115 S.Ct. 2338, 132 L.Ed.2d 487 (1995). Rather, the message must be "delivered by conduct that is intended to be communicative and that, in context, would reasonably be understood by the viewer to be communicative." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984).

88. By filming in the Black Rock Desert, Plaintiffs were engaged in protected speech, specifically by recording matters of public interest involving the Burning Man festival and its impact on the environment. *See Project Veritas v. Schmidt*, 125 F.4th 929, 945 (9th Cir. 2025); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995).

89. By trespassing Plaintiffs, Defendants' retaliatory conduct adversely affected Plaintiffs' protected speech by preventing them from further filming Burning Man cleanup activities.

90. Upon information and belief, Defendants have knowledge of Plaintiffs' publicly-stated critical stances toward Burning Man, and they were trespassed in retaliation for their prior anti-Burning Man communications. Thus, there is a causal connection between Defendants' retaliatory actions and the adverse effect Defendants' actions had on their speech.

91. Defendants Rogers and Crews acted under color of law, and their actions violated Plaintiffs' rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

92. Defendant Pershing County is liable because, upon information and belief, Defendant Rogers was acting pursuant to Pershing County's custom, policy, or practice.

93. Upon information and belief, Defendant Pershing County failed to adequately train Defendant Rogers regarding the First Amendment's prohibitions on retaliation.

94. Defendant Washoe County is liable because, upon information and belief, Defendant Crews was acting pursuant to Washoe County's custom, policy, or practice.

95. Upon information and belief, Defendant Washoe County failed to adequately train Defendant Crews regarding the First Amendment's prohibitions on retaliation.

96. Defendants Burning Man Project and Black Rock City, LLC are liable as joint actors because, upon information and belief, they worked in concert with state actors by directing BLM Agent Garret Sarcinella to trespass Plaintiffs and he, in turn, directed Deputy Rogers to trespass Plaintiffs, which she subsequently did.

97. Defendants Burning Man Project and Black Rock City, LLC are liable as joint actors because, upon information and belief, they worked in concert with state actors by directing the Pershing County and/or Washoe County Sheriffs' Offices to trespass Plaintiffs.

98. As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Plaintiffs suffered, are suffering, and will continue to suffer damages in an amount subject to proof.

99. Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

100. It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter, and Plaintiffs are entitled to attorney's fees, costs, and prejudgment interest.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE CONSTITUTION OF THE STATE OF NEVADA – FREE SPEECH PROTECTIONS
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

101. Plaintiffs repeat and reallege Paragraphs 1 through 100 as though fully set

forth herein.

102. As explained above, Plaintiffs' rights to speech and expressive conduct were impermissibly restricted, chilled, deterred and inhibited by the actions of Defendants.

103. Art 1, § 9 of the Constitution of the State of Nevada provides "[e]very citizen may freely speak, write, and publish his sentiments on all subjects . . . and no law shall be passed to restrain or abridge the liberty of speech . . . ."

104. Defendants' actions, as alleged herein, constitute violations of Plaintiffs' rights under the Constitution of the State of Nevada, Art. 1, § 9.

105. Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

106. It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter, and Plaintiffs are entitled to attorney's fees, costs, and prejudgment interest.

107. As a direct and proximate result of Defendants' violations of the Nevada Constitution, Plaintiffs have suffered, is suffering, and will continue to suffer damages in an amount subject to proof.

**FOURTH CAUSE OF ACTION**
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
PURSUANT TO 28 U.S.C. § 2201
(AGAINST ALL DEFENDANTS)

108. Plaintiffs repeat and re-allege Paragraphs 1 through 107 as though fully set forth herein.

109. For the reasons stated herein, a controversy exists between Plaintiff and Defendants relative to Plaintiffs' right to film the Burning Man cleanup process in the Black Rock Desert.

110. Plaintiffs seek a declaration of their rights to be allowed to view, observe, film and report on the Burning Man cleanup process, and to have physical access to the Black Rock Desert pursuant to the permit's admonitions that Burning Man Project's and Black Rock LLC's use of the permitted zone is nonexclusive, and that Burning Man Project and

Black Rock LLC are prohibited from depriving others of permitted uses of the Black Rock Desert.

111. Plaintiffs seek a declaration of their rights to view, observe, film and report on the Burning Man cleanup process, and to have physical access to the Black Rock Desert, without being subjected to federal or state law enforcement conduct that deprives them of their First Amendment rights.

112. Plaintiffs seek a declaration that the permit issued by Burning Man Project and Black Rock City LLC by the BLM was unconstitutional as applied to Plaintiffs.

113. Plaintiffs seek injunctive relief against all Defendants enjoining them from trespassing or otherwise interfering with their First Amendment rights to engage in filming the Burning Man cleanup process in the Black Rock Desert.

114. It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter, and Plaintiffs are entitled to attorney's fees, costs, and prejudgment interest.

**FIFTH CAUSE OF ACTION**
NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
UNDER NEV. REV. STAT. § 41.130
(AGAINST DEFENDANTS PERSHING COUNTY AND WASHOE COUNTY)

115. Plaintiffs repeat and re-allege Paragraphs 1 through 114 as though fully set forth herein.

116. Defendants Pershing County and Washoe County have duty to use reasonable care in the training, supervision, and retention of their employees to ensure that the employees are fit for their positions by implementing policies and procedures designed to prevent wrongful acts by their employees.

117. Defendants Pershing County and Washoe County breached this duty by failing to train their employees that the Black Rock Desert is a public forum open to the general public, and that they could not lawfully trespass individuals engaged in protected newsgathering activities there.

118. Defendants Pershing County's and Washoe County's breach of this duty

caused Plaintiffs to suffer physical injury, emotional distress, and economic damages subject to proof at trial.

119. Defendants Pershing County and Washoe County are liable because Defendants Rogers and Crews were at all relevant times in the employ of Pershing County and Washoe County, respectively. Defendants Rogers and Crews were not acting independently, committed wrongful acts during the course of their official duties as sheriff's deputies, and such actions were reasonably foreseeable considering the nature and scope of their employment as sheriff's deputies.

120. As a direct and proximate result of Defendants Pershing County's and Washoe County's failure to adequately train its officers, Plaintiffs have suffered, are suffering, and will continue to suffer damages in an amount subject to proof.

121. Plaintiffs are entitled to monetary, compensatory, and punitive damages from Defendants.

122. It has been necessary for Plaintiffs to retain the services of attorneys to pursue this matter, and Plaintiffs are entitled to attorney's fees, costs, and prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray as follows:

a. A declaration that: (1) Plaintiffs have the First Amendment right to film Burning Man's cleanup efforts on publicly-owned BLM land; (2) the non-exclusive permit issued to BLM does not prohibit Plaintiffs from entering the permit zone and filming Burning Man's cleanup efforts after the conclusion of the Burning Man festival;

b. A permanent injunction preventing Defendants from trespassing or otherwise interfering with Plaintiffs' ability to film Burning Man's cleanup efforts after the conclusion of the Burning Man festival;

c. An award requiring all Defendants to pay monetary and compensatory damages in an amount to be determined at trial;

1         d.       An award against the individual Defendants for punitive damages in an amount to be determined at trial;

       e.       An award of attorney's fees and expenses under 42 U.S.C. § 1988(b);

       f.       An award of prejudgment interest; and,

       g.       Any further relief the Court deems appropriate.

DATED this 9th day of September, 2025.

*/s/ Leo S. Wolpert*
MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiffs*