TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

MARILYN E. GARTLEY
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-5084
Email: marilyn.gartley@usdoj.gov
*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EWU MEDIA LLC, a Nevada limited liability company; ROBERT FORNEY, an individual; EMMA FORNEY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PERSHING COUNTY *ex rel.* PERSHING COUNTY SHERIFF'S OFFICE; WASHOE COUNTY *ex rel.* WASHOE COUNTY SHERIFF'S OFFICE; UNITED STATES OF AMERICA *ex rel.* DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT; BILL GROFFY, in his official capacity; ERIC A. KRILEY, in his official capacity; JON RABY, in his official capacity; BURNING MAN PROJECT, a Nevada non-profit corporation; BLACK ROCK CITY LLC, a Nevada limited-liability corporation; JACKSON CREWS, an individual; KATHRIN ROGERS, an individual, <br><br> Defendants. | **Case No.: 3:25-cv-00492-ART-CSD** <br><br> **ANSWER** |

The United States of America on behalf of the Department of the Interior Bureau of Land Management, Bill Groffy, Eric A. Kriley, and Jon Raby (collectively, the "Federal Defendants"), by and through the undersigned counsel, as for its Answer to the Complaint

1

filed by EWU Media LLC, Robert Forney, and Emma Forney (collectively, the "Plaintiffs")[1], filed on September 9, 2025 (ECF No. 1), hereby responds to the numbered paragraphs by referencing the enumerated paragraphs in the Complaint as follows:

Each allegation of the Complaint which is not expressly admitted or denied is hereby denied. To the extent an answer is required to the summary paragraphs not comprising allegations in the form required by Fed. R. Civ. P. 8(a), the Federal Defendants deny the allegations contained in the paragraphs under the heading NATURE OF THE ACTION.

1. As to Paragraph 1, the Federal Defendants admit that Plaintiffs seek judicial review by this Court. The Federal Defendants deny the remainder of the allegations contained in Paragraph 1.

2. As to Paragraph 2, the Federal Defendants admit that Plaintiffs seek judicial review by this Court. The Federal Defendants deny the remainder of the allegations contained in Paragraph 1.

3. The Federal Defendants deny the allegations in Paragraph 3.

4. The Federal Defendants deny the allegations in Paragraph 4.

5. As to Paragraph 5, the allegations in this paragraph consist of Plaintiffs' citations to and descriptions of case decisions, to which no answer is required, as the decisions speak for themselves. To the extent an answer may be deemed to be required, the Federal Defendants deny the allegations as stated. The Federal Defendants respectfully refer the Court to the cited case decisions for their full and correct contents.

6. As to Paragraph 6, the allegations in this paragraph pertain to Plaintiffs' allegations regarding venue, which constitute legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants admit only that the location of where the accident occurred as alleged in the Complaint is within this judicial district. The Federal Defendants deny any allegations not specifically admitted.

---

[1] The term "Complaint" refers to the Complaint commencing this litigation filed by the Plaintiffs in this Court on September 9, 2025 (ECF No. 1).

## PARTIES

7.    As to Paragraph 7, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and therefore deny the same.

8.    As to Paragraph 8, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and therefore deny the same.

9.    As to Paragraph 9, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and therefore deny the same.

10.    The Federal Defendants admit the allegations contained in Paragraph 10.

11.    As to Paragraph 11, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants admit that PCSO controls its employees who are acting within the scope of their employment. The Federal Defendants deny any allegations not specifically admitted.

12.    The Federal Defendants admit the allegations contained in Paragraph 12.

13.    As to Paragraph 13, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants admit that WCSO controls its employees who are acting within the scope of their employment. The Federal Defendants deny any allegations not specifically admitted.

14.    As to Paragraph 14, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants admit that BLM controls its employees who are acting within the scope of their employment. The Federal Defendants deny any allegations not specifically admitted.

15.     The Federal Defendants admit the allegations contained in the first sentence of Paragraph 15. The allegations in the second sentence are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 15.

16.     The Federal Defendants admit the allegations contained in the first sentence of Paragraph 16. The allegations in the second sentence are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 16.

17.     The Federal Defendants admit the allegations contained in the first sentence of Paragraph 17. The allegations in the second sentence are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 17.

18.     As to Paragraph 18, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and therefore deny the same.

19.     As to Paragraph 19, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and therefore deny the same.

20.     As to Paragraph 20, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and therefore deny the same.

21.     As to Paragraph 21, the allegations comprise the Plaintiffs' defined term "Burning Man Corporate Defendants" to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 21.

22.     As to Paragraph 22, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 and therefore deny the same.

23.     As to Paragraph 23, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and therefore deny the same.

24.     The Federal Defendants deny the allegations contained in Paragraph 24.

25.     The Federal Defendants deny the allegations contained in Paragraph 25.

26.     The Federal Defendants deny the allegations contained in Paragraph 26.

27.     As to Paragraph 27, no answer is required as the allegations are a characterization of the naming of the defendants by the Plaintiffs in the Complaint by the to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 27.

## STANDING

28.     The Federal Defendants deny the allegations contained in Paragraph 28.

29.     The Federal Defendants deny the allegations contained in Paragraph 29.

## FACTUAL ALLEGATIONS

30.     The Federal Defendants admit the allegations contained in Paragraph 30.

31.     The Federal Defendants admit the allegations contained in Paragraph 31.

32.     As to Paragraph 32, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 and therefore deny the same.

33.     The Federal Defendants admit that on or about July 24, 2024, the BLM issued a permit to Burning Man Project for the 2024 Burning Man Event. The Federal Defendants deny the remaining allegations contained in Paragraph 33.

34.     The allegations of Paragraph 34 purport to characterize provisions of the special recreation permit, which speak for themselves and are the best evidence of their contents. The Federal Defendants deny any allegations inconsistent with the plain language of the permit.

35.     The Federal Defendants deny the allegations contained in Paragraph 35.

36. The allegations of Paragraph 36 purport to characterize provisions of the special recreation permit, which speak for themselves and are the best evidence of their contents. The Federal Defendants deny any allegations inconsistent with the plain language of the permit.

37. The allegations of Paragraph 37 purport to characterize provisions of the special recreation permit, which speak for themselves and are the best evidence of their contents. The Federal Defendants deny any allegations inconsistent with the plain language of the permit.

38. The allegations of Paragraph 38 purport to characterize provisions of the special recreation permit, which speak for themselves and are the best evidence of their contents. The Federal Defendants deny any allegations inconsistent with the plain language of the permit.

*Plaintiffs Attempt to Film and Are Ejected*

39. As to Paragraph 39, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 and therefore deny the same.

40. As to Paragraph 40, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 and therefore deny the same.

41. As to Paragraph 41, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 and therefore deny the same.

42. As to Paragraph 42, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 and therefore deny the same.

43. As to Paragraph 43, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 and therefore deny the same.

44. As to Paragraph 44, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 and therefore deny the same.

45. As to Paragraph 45, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 and therefore deny the same.

46. As to Paragraph 46, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 and therefore deny the same.

47. As to Paragraph 47, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 and therefore deny the same.

48. As to Paragraph 48, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 and therefore deny the same.

49. As to Paragraph 49, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 and therefore deny the same.

50. As to Paragraph 50, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 and therefore deny the same.

51. As to Paragraph 51, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 and therefore deny the same.

52. As to Paragraph 52, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 and therefore deny the same.

53.    As to Paragraph 53, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 and therefore deny the same.

54.    As to Paragraph 54, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 and therefore deny the same.

55.    As to Paragraph 55, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 and therefore deny the same.

56.    As to Paragraph 56, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 and therefore deny the same.

57.    As to Paragraph 57, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 and therefore deny the same.

58.    As to Paragraph 58, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 and therefore deny the same.

59.    As to Paragraph 59, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 and therefore deny the same.

60.    As to Paragraph 60, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 and therefore deny the same.

61.    The Federal Defendants deny the allegations contained in Paragraph 61.

8

62.   The Federal Defendants deny the allegations contained in Paragraph 62.

63.   As to Paragraph 63, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 and therefore deny the same.

64.   As to Paragraph 64, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 and therefore deny the same.

65.   As to Paragraph 65, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 and therefore deny the same.

66.   As to Paragraph 66, the Federal Defendants direct the Plaintiffs to the Answer to Complaint, ECF No. 27, filed by Pershing County and Katherin Rogers. The Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 and therefore deny the same.

67.   The Federal Defendants deny the allegations contained in Paragraph 67.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE
CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO FREE SPEECH AND EXPRESSION)
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK
ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

68.   The Federal Defendants incorporate their previous answers to the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 68.

69.    As to Paragraph 69, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 69.

70.    The Federal Defendants deny the allegations contained in Paragraph 70.

71.    The Federal Defendants deny the allegations contained in Paragraph 71.

72.    The Federal Defendants deny the allegations contained in Paragraph 72.

73.    The Federal Defendants deny the allegations contained in Paragraph 73.

74.    As to Paragraph 74, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 74.

75.    As to Paragraph 75, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 75.

76.    As to Paragraph 76, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 76.

77.    As to Paragraph 77, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 77.

78.    As to Paragraph 78, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 and therefore deny the same.

79.     The Federal Defendants deny the allegations contained in Paragraph 79.

80.     As to Paragraph 80, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 and therefore deny the same.

81.     The Federal Defendants deny the allegations contained in Paragraph 81.

82.     The Federal Defendants deny the allegations contained in Paragraph 82.

83.     The Federal Defendants deny the allegations contained in Paragraph 83.

84.     The Federal Defendants deny the allegations contained in Paragraph 84.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE
CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO FREE SPEECH AND EXPRESSION – RETALIATION)
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK
ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

85.     The Federal Defendants incorporate their previous answers to the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 85.

86.     As to Paragraph 86, the allegations in this paragraph consist of Plaintiffs' citations to and descriptions of case decisions, to which no answer is required, as the decisions speak for themselves. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations as stated. The Federal Defendants respectfully refer the Court to the cited case decisions for their full and correct contents.

87.     As to Paragraph 87, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 87.

88.     The Federal Defendants deny the allegations contained in Paragraph 88.

89.     The Federal Defendants deny the allegations contained in Paragraph 89.

90.    As to the first sentence of Paragraph 90, the Federal Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of these allegations and therefore deny the same. As to the second sentence of Paragraph 90, to the extent the allegations are deemed factual in nature, the Federal Defendants deny these allegations.

91.    As to Paragraph 91, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 91.

92.    As to Paragraph 92, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 92.

93.    As to Paragraph 93, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 93.

94.    As to Paragraph 94, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 94.

95.    As to Paragraph 95, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 95.

96.    The Federal Defendants deny the allegations contained in Paragraph 96.

97.    As to Paragraph 97, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the

allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 97.

98.    The Federal Defendants deny the allegations contained in Paragraph 98.

99.    The Federal Defendants deny the allegations contained in Paragraph 99.

100.    The Federal Defendants deny the allegations contained in Paragraph 100.

**THIRD CAUSE OF ACTION**
VIOLATION OF THE CONSTITUTION OF THE STATE OF NEVADA – FREE SPEECH PROTECTIONS
(AGAINST DEFENDANTS ROGERS, CREWS, BURNING MAN PROJECT, BLACK ROCK CITY LLC, PERSHING COUNTY AND WASHOE COUNTY)

101.    The Federal Defendants incorporate their previous answers to the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 101.

102.    The Federal Defendants deny the allegations contained in Paragraph 102.

103.    As to Paragraph 103, the allegations in this paragraph consist of Plaintiffs' citations to and descriptions of the Constitution of the State of Nevada to which no answer is required, as the text of the Constitution of Nevada speaks for itself. Article 1, § 9 provides as follows:

> Sec: 9.    **Liberty of speech and the press.**    Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions and civil actions for libels, the truth may be given in evidence to the Jury; and if it shall appear to the Jury that the matter charged as libelous is true and was published with good motives and for justifiable ends, the party shall be acquitted or exonerated.

The Federal Defendants deny any allegations not specifically admitted.

104.    The Federal Defendants deny the allegations contained in Paragraph 104.

105.    The Federal Defendants deny the allegations contained in Paragraph 105.

106.    The Federal Defendants deny the allegations contained in Paragraph 106.

107.    The Federal Defendants deny the allegations contained in Paragraph 107.

13

**FOURTH CAUSE OF ACTION**
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
PURSUANT TO 28 U.S.C. § 2201
(AGAINST ALL DEFENDANTS)

108.   The Federal Defendants incorporate their previous answers to the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 108.

109.   The Federal Defendants deny the allegations contained in Paragraph 109.

110.   As to Paragraph 110, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 110.

111.   As to Paragraph 111, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 111.

112.   As to Paragraph 112, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 112.

113.   As to Paragraph 113, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 113.

114.   The Federal Defendants deny the allegations contained in Paragraph 114.

**FIFTH CAUSE OF ACTION**
NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
UNDER NEV. REV. STAT. § 41.130
(AGAINST DEFENDANTS PERSHING COUNTY AND WASHOE COUNTY)

115.    The Federal Defendants incorporate their previous answers to the Complaint as if fully set forth herein and deny the allegations contained in Paragraph 115.

116.    As to Paragraph 116, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 116.

117.    As to Paragraph 117, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 117.

118.    As to Paragraph 118, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 118.

119.    As to Paragraph 119, no answer is required as the allegations are a characterization of Plaintiffs' case and are legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, the Federal Defendants deny the allegations in Paragraph 119.

120.    The Federal Defendants deny the allegations contained in Paragraph 120.

121.    The Federal Defendants deny the allegations contained in Paragraph 121.

122.    The Federal Defendants deny the allegations contained in Paragraph 122.

**PRAYER FOR RELIEF**

123.    The remainder of the Complaint is a prayer for relief to which no response is required. To the extent that a response may be deemed required, each lettered paragraph a through g

contained within such prayer for relief is denied. All allegations of the Complaint which are not expressly admitted or qualified are hereby denied.

## AFFIRMATIVE DEFENSES

Unless otherwise indicated, the Federal Defendants assert the following affirmative defenses against each and every claim in the Complaint, and the Federal Defendants re-allege and re-incorporate herein by reference each and every answer contained in Paragraphs one (1) through one hundred and twenty-three (123) as if set forth fully in each Affirmative Defense specified below.

124.    As a first affirmative defense, the Federal Defendants allege that the Complaint fails to state a cause of action against the Federal Defendants upon which relief can be granted.

125.    As a second affirmative defense, the Federal Defendants allege that the Closure Order, Temporary Closure and Restrictions of Specific Uses on Public Lands for the Burning Man Event (Permitted Event), Pershing County, NV, 88 Fed. Reg. 39863 (June 20, 2023), provides that the temporary closure and restrictions, issued under the authority of 43 C.F.R. § 8364.1, were appropriate for a single event—here, the annual Burning Man Events—and further provides that the temporary closure and restrictions were specifically tailored to the time frame that was necessary to provide a safe environment for the public and for participants at the Burning Man Event and to protect public land resources, while avoiding imposing restriction that may not be necessary during the remainder of the year.

126.    As a third affirmative defense, the Federal Defendants allege that the manner in which they implemented the Closure Order, Temporary Closure and Restrictions of Specific Uses on Public Lands for the Burning Man Event (Permitted Event), Pershing County, NV, 88 Fed. Reg. 39863 (June 20, 2023) was in compliance with and in accordance with applicable law.

127.    As a fourth affirmative defense, the Federal Defendants allege that the negligence, misconduct, and fault of the Plaintiffs bar the recovery sought by the Plaintiffs.

16

128. As a fifth affirmative defense, the Federal Defendants allege that the injuries alleged to have been sustained by the Plaintiffs, if any, were caused by acts of third persons who were not any of the named individual Federal Defendants; who were not agents, servants or employees of the Federal Defendants; and who were not acting on behalf of the Federal Defendants in any manner or form and, as such, the Federal Defendants are not liable in any manner to the Plaintiffs.

129. As a sixth affirmative defense, the Federal Defendants allege that the Plaintiffs' claims for damages are speculative, are not supported by proof, and are therefore not compensable as a matter of law.

130. As a seventh affirmative defense, the Federal Defendants allege that the Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

131. As a seventh affirmative defense, the Federal Defendants allege that the Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Eighth Amendment of the United States Constitution and further allege that the Complaint fails to plead facts sufficient to warrant the consideration of exemplary or punitive damages against the Federal Defendants.

132. As an eighth affirmative defense, the Federal Defendants allege that the Plaintiffs are barred from recovering damages as their claims are speculative, and/or unsupported by substantial or reliable evidence.

133. As a ninth affirmative defense, to avoid waiver thereof, the Federal Defendants incorporate by this reference all applicable affirmative defenses listed in Fed. R. Civ. P. 8 and that otherwise must be asserted under Fed. R. Civ. P. 8. To the extent any affirmative defenses under Fed. R. Civ. P. 8 must be separately and specifically stated and to the extent any additional affirmative defenses are discovered as more facts and information are revealed in discovery, the Federal Defendants expressly request and reserve their right to amend their answer by leave or otherwise. Moreover, pursuant to Fed. R. Civ. P. 8, 11, 14, and 15, all possible affirmative defenses and claims may not have been alleged herein by the Federal

Defendants insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Complaint and, therefore, the Federal Defendants reserve their rights to amend this Answer to allege additional affirmative defenses and claims, if subsequent investigation so warrants.

WHEREFORE, having fully answered the Complaint, the Federal Defendants respectfully move this Court to dismiss the Complaint, for its attorney's fees and costs incurred herein, and for such further relief as is just and proper.

Respectfully submitted this 25th day of March 2026.

SIGAL CHATTAH
First Assistant United States Attorney


/s/  Marilyn E. Gartley

MARILYN E. GARTLEY

Assistant United States Attorney
marilyn.gartley@usdoj.gov
*Attorneys for Federal Defendants*

//